'T'AYLOR, Judge.
 

 This is an action of debt on a single bill3 the general issue is pleaded, and payment. To prove the bill, the subscribing witness is sworn, he believes bis name subscribed thereto, to be of his own hand writing. He remembers that he attested a note from Speight to Sheffield, (who assigned to the plaintiff,) and that he never attested more than one paper of that description. He does not believe the signature ot this paper to be in the hand writing of Speight; nor does he remember or believe, that there was a seal to the paper he attested. Where circumstances are proved, which could not have existed unless the principal fact also existed, such circumstances are proofs of the principal facts. Then his hand writing to this paper, when he never subscribed to another of the like kind, leads to a conclusion that this is the very paper which Speight execut-. ed : and then the signature is the signature of Speight; and if so, the words in the body of the paper are his likewise ; and these speak, of his seal as well as of his hand, which is a persuasive evidence of his seal. The jury will therefore consider whether the seal is proved or not. As to the payment, the witness says the note he speaks of, was given for a tract of land, which Sheffield conveyed
 
 to
 
 Speight. He says also, they came to a settlement afterwards, and the note was included in it; that the deed was re-delivered to Sheffield, and he admitted the note was discharged, but that it was lost or mislaid. It appears, however, that the deed was recorded before the re-delivery. If the ob-ligee agrees to accept of something as payment, supposing it to be of a certain value, the payment is not good. Htre the parties supposed the re-delivery of the deed was a-restoration of the title to Sheffield. — It does not restore the title; that still re
 
 *339
 
 mains in Speight; the re-delivery of the deed was of no value, and the intended payment is, therefore, not good.
 

 Verdict for the plaintiff.